**ORIGINAL**

1  Keith Berglund (State Bar No.207649)
2  Steven D. Wegner (State Bar No. 58585)
   The Berglund Group
3  149 S. Barrington Ave.
   Suite 181
4  Los Angeles, Ca. 90049
   Telephone: 310-567-6070
5  Facsimile: 310-564-0327

6  Attorneys for Debtor

**FILED**
**MAY 10 2010**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>HUI WANG,<br>        Debtor.<br>_____<br>JUERGEN VOTTELER<br>        Plaintiff,<br>v.<br>HUI WANG<br>        Defendant. | CASE NO. 2:09-bk-19641-ER<br><br>Chapter 7<br><br>Adv. No. 2:09-bk-19641-ER<br><br>**REPLY IN SUPPORT OF MOTION OF HUI WANG FOR STAY PENDING APPEAL; POINTS AND AUTHORITIES; DECLARATION OF KEITH BERGLUND IN SUPPORT THEREOF**<br><br>Date:  May 17, 2010<br>Time:  10:00 a.m.<br>Ctrm:  1568, 15th Floor<br>255 E. Temple Street<br>Los Angeles, Ca. |

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

REPLY IN SUPPORT OF MOTION FOR STAY PENDING APPEAL    2:09-BK-19641 ER

# DEFENDANT WANG'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 8005 STAY PENDING APPEAL

Defendant Wang ("Wang"), files this Reply Memorandum in Support of her Motion for Stay Pending Appeal (the "Motion") to preserve the status quo in respect of the claim of Plaintiff JuergenVotteler ("Plaintiff") and more importantly – Wang's ability and opportunity to obtain a discharge in her chapter 7 case. Wang satisfies the four prong test for a discretionary stay without bond pending appeal. This is particularly the case under the fact pattern presented herein where Wang (1) did not have the ability to present any defense in the underlying state action – despite filing an answer slightly more than 30 days after she was added as a defendant and paying filing fees prior to the recordation of an entry of default, (2) timely filed a motion to vacate the entry of default on a claim from a person who she neither met nor communicated with(the only permitted substantive appearance in the state action), (3) timely filed an appeal and succeeded in having her claim bifurcated in the appeal from those of her former fiancée, (4)achieved significant success against Plaintiff's invented allegations the only time she has had a chance to test the substantive merits of Plaintiff's claims in connection with the Motions to Dismiss the original and first amended non-dischargeability complaints, (5) provided significant discovery to Plaintiff and was ready to proceed with the September, 2010 trial date set by the Court, and (6) has provided compelling arguments and support vis-à-vis the only Appellate Courts that Wang is aware of that have dealt with the issues and interaction of non-final judgments under California state and federal bankruptcy law in respect of collateral estoppel and/or res judicata. Wang is simply looking for the right and opportunity to present her case on its merits in the bankruptcy court.

## APPLICABLE LEGAL STANDARD

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

The applicable legal standards were set forth in Wang's initial Motion and will not be generally restated herein, except to say that Bankruptcy Courts have the express ability to impose a stay pending appeal without the necessity of posting a bond. This is particularly true in this case where there are strong public interest implications in respect of the collateral estoppel issues present and the issues attendant to the State Court Appeal are markedly different than those presented in the Bankruptcy Appeal. Should the State Court Appeal be allowed to go forward, Wang faces the possibility of losing perhaps the greatest benefit – a discharge - of a Chapter 7 bankruptcy without having the slightest opportunity to present her case on its merits.

### **DEBTOR IS ENTITLED TO A STAY WITHOUT BOND PENDING RESOLUTION OF THE APPEAL**

FRBP 8005 regulates the granting of stays and provides, in pertinent part, "...(T)he bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." FRBP 8005 has been the basis for the granting of discretionary stays by a number of bankruptcy courts without requesting the posting of any bond. See In re Verco Industries, 20 B.R. 664(9th Cir BAP 1982)(stay imposed to preserve status quo); In re Sphere Holdings Corp., 162 B.R. 639, 644(Bankr. E.D.N.Y. 1994)(stay without bond granted as case did not involve situation where need to protect against dimunition in value was presented).

In order to obtain a discretionary stay pending appeal an appellant must show: "(1) (a)ppellant is likely to succeed on the merits of the appeal(or has presented substantial case as set forth below); (2) (a)ppellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) the stay will do no harm to the public interest." In re Wymer, 5 B.R. 802, 806(BAP 9th Cir. 1980).

These four criteria should be balanced by the reviewing court under a totality of the circumstances approach. See Sphere Holdings, supra. As explained in In re Howley, 38 B.R. 314, 315(Bankr. Minn. 1984), "These factors are not to be applied in a vacuum but instead must be viewed in light of the importance of the right of appeal and preservation of the status quo during the appeal. Under the circumstances of this Case, the court finds that a stay is proper. To deny the stay may result in a total loss of the property at issue should this Court's earlier decision be reversed." Howley, contrary to the position advanced by Plaintiff, demonstrates the importance of granting a prolonged stay because Debtor may lose on appeal and the status quo will not be preserved. See also In re Suprema Specialties, Inc., 330 B.R. 93, 96(Bankr. S.D.N.Y. 2005)(court does not believe high probability of success on appeal should be required based on presence of other three factors in favor of appellant). Here, Wang faces a potentially much more important loss – the right to a discharge of her largest claimant, then that faced by the appellant in Howley.

## A. THE BALANCE OF HARDSHIPS TIPS DECIDEDLY IN DEBTOR'S FAVOR AND NO SUBSTANTIAL HARM WILL COME TO ANY OTHER PARTY IF A STAY IS GRANTED

As noted, the harm to be suffered by Debtor is the critical factor in the analysis of this Stay Motion because the nature and extent of such harm dictates the degree to which Debtor must demonstrate the probability of success on the merits of her appeal. Absent a stay, Debtor's ability to effectively appeal the Relief Order may become moot by virtue of a potential adverse ruling. Moreover, if Debtor wins on appeal, the parties go back to square one as the litigation in the bankruptcy court was much more advanced than anything that happened in the state court. Moreover, the issues in the State Court Appeal – whether court erred in rejecting Debtor's CCP§ 473(b) excusable neglect, due process and failure to serve grounds - are markedly different than the issues

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

presented in the Bankruptcy Appeal – collateral estoppel/res judicata, right to effectively receive discharge, lift stay for "cause" and submission to bankruptcy court's jurisdiction.

Again, this is a situation where the Debtor never met or communicated with the creditor nor participated in any substantive manner with her former fiancee's business. The fact that she shared an attorney with the Tringham Defendants in the state court is of no moment as the attorney had little knowledge of her existence prior to her addition as a defendant and was not allowed to present any substantive defense on her behalf on the merits of her case. As recognized by the State Appellate Court in granting bifurcation of her appeal from the Tringham Defendants, there was found to be a divergence of interests and issues in Wang's case from the other defendants therein.

In contrast, the issuance of a prolonged stay pending Debtor's Appeal will not result in any significant harm to Plaintiff. This is a chapter 7 case with little to no assets. Further, the Receiver for the Tringham estate has filed the only secured claim against the Wang estate. The amount of the Receiver's claim far exceeds the Wang assets. Thus, Plaintiff has no distribution against which there will be a dimunition of value. In addition, the Court has granted a discharge in favor of Wang excepting the Plaintiff's dischargeabiltiy complaint(the only discharge complaint filed against Wang). Lastly, Plaintiff allowed this case to go forward and actively participated therein for almost a year before filing for relief from stay. The relief from stay was filed only after Plaintiff suffered adverse rulings in the discharge litigation. To now say Plaintiff will suffer irreparable harm when the briefing for the Bankruptcy Appeal is scheduled to start on June 11, 2010 is disingenuous. Accordingly, when balancing the hardships, the harm to Debtor – in the form of irreparable injury resulting from the failure to obtain effective relief should it lose on appeal – far outweighs the potential harm to Plaintiff.

**DEBTOR IS LIKELY TO SUCCEED ON THE MERITS**

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper
REPLY IN SUPPORT OF MOTION FOR STAY PENDING APPEAL    2:09-BK-19641 ER
5

As discussed above, the requisite probability of success on the merits, which must be demonstrated in order to receive a stay pending appeal, depends on the degree to which the balance of harm tips in favor of Debtor. Here, where the balance of harm tips decidedly in favor of Debtor, it need not show "as robust a likelihood of success on the merits as when the balance tips less decidedly." Benda, supra, 584 F.2d at 315, Suprema Specialties, supra, 330 B.R. at 96. Nevertheless, Debtor is likely to prevail on the merits of its Bankruptcy Appeal.

Congress made it a central purpose of the bankruptcy code to give debtors a fresh start in life and a clear field for future effort unburdened by the existence of old debts. In re Bogdanovich, 292 F.3d 104, 107(2d Cir. 2002). California is well settled that pending appeal, a trial court judgment, much less a default judgment, when not final will not be given res judicata(or collateral estoppel)effect. In re Turner, 204 B.R. 988, 992(BAP 9th Cir. 1997), see also, Kuykendall v. State Bd. Of Equalization, 22 Cal.App.4th 1194, 1207(1994). Moreover, the party asserting collateral estoppel bears the burden of establishing the foregoing requirements. Turner, supra; see also, Lucido v. Superior Court, 51 Cal.3d 335, 341, cert. denied, 500 U.S. 920(1991).

As more fully set forth in the Motion, the Court's findings in the Relief Order are in error in at least three respects. First, as the default judgment was not a final judgment for collateral estoppel purposes, none of the other factors stated expressly by the Court to be present to support collateral estoppel were present and Votteler failed to carry the burden to support collateral estoppel. Secondly, the Court misconstrued the factors set forth by the court in In re Plumberex Specialty Products, Inc., 311 B.R 551, 557(Bankr.C.D. Cal 2004) in granting relief from the stay. Further, in merely reciting the default grounds alleged by Plaintiff in the underlying State Court Complaint prior to Debtor even being a named defendant the State Court did not substantively find that Debtor committed fraud(See for eg. the enormity of Plaintiff's new and invented allegations in the amended non-dischargeability

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

complaint represented by the underlines from that of the State Court Action. False and non-controverted allegations of plaintiff include the allegation that Debtor was working with Tringham since 1998 when she did not even arrive in this country until 2000 and did not meet Tringham until late 2003).Lastly, the Court erred in not considering Plaintiff's consent to jurisdiction to the bankruptcy court by filing a proof of claim. See In re Conejo Enterprises, Inc., 96 F.3d 346(9th Cir. 1996).

In reaching its decision in the Relief Order, the Court did not cite with any specificity how the Curtis factors apply in this case. Rather, the Court cited balance of hurt, interests of judicial economy and lack of prejudice to creditors in supporting relief from stay. The Debtor respectfully submits this is not a proper application of the Curtis factors and in balance of hurt and lack of prejudice, as more fully discussed above, the holding is wrong.

In this case, the Debtor has cited to numerous factors which caused her to file the Petition. These factors included, failure of small business, lack of viable job opportunity, uncertainty as to other claimants involving Tringham, claims from the SEC/Receiver and the ongoing costs of Plaintiff's action. All of these factors when taken together more than serve as an adequate and appropriate basis for seeking bankruptcy relief.

As stated by the Ninth Circuit in Los Angeles Memorial Coliseum Comm. V. National Football League, 634 F.2d at 1203, "a minimal showing on the merits is required even when the balance of harm tips decidedly towards the moving party." Debtor submits that the probability of success on the merits of its Bankruptcy appeal more than meet this "minimal showing," especially given the harm which could befall Debtor if the state court appeal proceeds. Debtor's appeal, at a minimum, raises "serious legal questions." Accordingly, because the balance of harms tips decidedly in Debtor's favor, this Court should issue a stay pending Debtor's bankruptcy appeal.

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

## B. THE STAY WILL DO NO HARM TO THE PUBLIC INTEREST

As set forth above, the issuance of a prolonged stay pending Debtor's appeal will not result in prejudice to the estate, the Debtor and creditors; and, in fact, will serve the public interest by further defining the area of law involving collateral estoppel. As this case has been pending for one year and the state court action much longer, any additional prejudice that might befall Debtor's creditors would be deminimis and would not justify denying Debtor a stay. On the other hand, granting a stay will serve the public interest in that allowing Debtor to proceed with the bankruptcy appeal will assist in the clarification of this area of law.

## IV.

## CONCLUSION

**WHEREFORE,** Debtor requests that the Court order, adjudge and decree as follows:

(1) That the enforcement, effect and execution of the Relief Order, with respect to the granting of relief from stay to allow the state appeal to go forward without the necessity of posting a bond, be stayed until ten(10) days after any appeals of the Relief Order have been resolved and final and non-appealable orders have been issued with respect thereto, and

(2) That the Court grant such other and further relief as is just and proper.

Respectfully submitted,


THE BERGLUND GROUP


By: *Keith W. Berglund* (signature)

Attorneys for Debtor

Dated: May 10, 2010

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070