ORIGINAL

FILED

MAY 10 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

Keith Berglund (State Bar No.207649)
Steve Wegner(State Bar No. 58585)
The Berglund Group
149 S. Barrington Ave.
Suite 181
Los Angeles, Ca. 90049
Telephone: 310-567-6070
Facsimile: 310-564-0327

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

In re                                              ) CASE NO. 2:09-bk-19641-ER
                                                   )
HUI WANG,                                          ) Chapter 7
                                                   )
                                                   )
_____               )
                                                   )
JUERGEN VOTTELER                                   ) Adv. No. 09-bk-01865-ER
                                                   )
         Plaintiff,                                )
                                                   )
                                                   ) **DECLARATION OF KEITH**
v.                                                 ) **BERGLUND IN SUPPORT OF**
                                                   ) **REPLY BRIEF FOR STAY**
                                                   ) **PENDING APPEAL**
HUI WANG                                           )
         Defendant.                                )   Date:     May 17, 2010
                                                   )   Time:     10:00 a.m.
                                                   )   Ctrm:     1568, 15th Floor
                                                   )             255 E. Temple Street
                                                   )             Los Angeles, Ca.
                                                   )
                                                   )
                                                   )
                                                   )
                                                   )
                                                   )
                                                   )
                                                   )
                                                   )

E BERGLUND GROUP
2800 Nelson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

I, the undersigned, declare as follows in support of the Reply in Support of Motion for Stay Pending Appeal (the "Motion"):

1.  I have read the Opposition(the "Opposition") of Plaintiff Juergen Votteler("Plaintiff") to the Motion and find that the Opposition is misleading and continues a pattern of obfuscation of the underlying facts in a continuing attempt to obtain a judgment against Hui Wang("Debtor") without having to ever proceed on the merits of the case.

2.  I was the attorney at one time or the other for each of the Defendants in the underlying state action (Case No. KC 050973) (the"State Action") and have personal knowledge of each fact stated herein.

3.  The initial Complaint in the State Action was filed against Robert Tringham ("Tringham") and Finbar Securities Corp. ("Finbar") by Plaintiff on or about July 11, 2007. The State Action involved a wealth management agreement by and between Finbar and the Plaintiff pursuant to which Tringham was directing investment of roughly $3,000,000.00 of Plantiff's monies. Tringham was one of the principals of Finbar.

4.  At the outset of the Case, while Tringham and Finbar were not represented by counsel, Plaintiff obtained a writ of attachment (the "Writ") against each. I began representing Tringham and Finbar on or about August 1, 2007 after the Writ was obtained and filed, among other pleadings, a Motion to Reconsider the granting of the Writ (the "Motion to Reconsider"). Based on settlement discussions between the parties, the Motion to Reconsider was voluntarily withdrawn. This was but one of several settlement discussions that took place during the pendency of the Case.

5.  The August 2007 settlement discussions did not result in a resolution of the State Action. On or about September 27, 2007, the Plaintiff amended the Complaint (the "Amendment") to include, inter alia, Debtor. As of the Amendment date I was not representing Debtor in the State Action and had little to no knowledge of her existence.

6.  On or about October 31, 2007, I first became aware that the Plaintiff had filed a Request for Entry of Default (the "Request") against Debtor. I was not representing Debtor at the time the Request was filed. On or about November 4, 2007, I agreed to represent the Debtor in the State Action.

ᴇ Bᴇʀɢʟᴜɴᴅ Gʀᴏᴜᴘ
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6079

printed on recycled paper

7.  Prior to recordation of the Request, on or about November 5, 2007, <u>just slightly more
    than 30 days from the Amendement,</u> I filed on behalf of Debtor answer and affirmative
    defenses denying the allegations of the Amendment (the "Answer"). The Clerk's office
    accepted the Answer and collected the filing fee.

8.  Ultimately, the Request was entered in the record notwithstanding the filing of the Answer
    and acceptance by the Clerk of the filing fee. Since a second round of settlement
    discussions were taking place between Tringham and the Plaintiff, each side agreed to
    forbear from filing substantive pleadings until December of 2007.

9.  The second round of settlement discussions did not result in a resolution of the State
    Action. Thus, on or about January 22, 2008 (well within the six month period allowed
    under the CCP), I filed on behalf of Debtor a Motion to Vacate the Entry of Default
    and/or Quash Summons with the Court (the "Motion to Vacate"). The primary arguments
    raised in the Motion to Vacate were mistake, inadvertence, surprise or excusable neglect
    pursuant to CCP § 473(b) together with failure to accord due process under federal and
    state grounds. In addition, Debtor also raised the point that she was not personally served
    with the Amendment.

10. On February 26, 2008, I appeared on behalf of the Debtor and the State Court held a
    hearing and denied the Motion to Vacate. In my opinion, the State Court Judge was
    adamantly against Tringham and any party affiliated with him as Tringham had personally
    on at least on two prior occasions represented to the State Court that he would be settling
    the case. The Motion to Vacate was the only instance in which Debtor had an opportunity
    to make a substantive appearance in the State Action. Ultimately, a formal default
    judgment was entered against Debtor on July 23, 2008. The amount of the default
    judgment entered against Wang was $3,427,135.24(an amount different than the other
    Tringham Defendants which were defaulted based on terminating sanctions for failure to
    provide adequate discovery responses).

11. An appeal was filed on behalf of Debtor (again, well within the prescribed time under
    applicable state law) on September 19, 2008 (Case No. B211007) (the "Wang Appeal").
    The Wang Appeal was initially  consolidated with the appeal of the Tringham Defendants.

12. The basis for the Wang Appeal was simple and direct. First, was the Court in error in the
    State Action in granting a default judgment against Debtor and in denying the Motion to

E. BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

printed on recycled paper

23. On April 22, 2010 Wang filed a Notice of Appeal(the "Bankruptcy Appeal") in respect of the Relief Order.

24. In response to the Relief Order, the State Appellate Court set a briefing schedule beginning on May 22, 2010.

25. On May 5, 2010, Wang filed an Application(the "Application") to Extend Time to File Brief with the State Appellate Court. A true and correct copy of the Application is attached hereto as Exhibit "2" and is incorporated herein by reference.

26. On or about May 1, 2010, Debtor received Notice of the Briefing Schedule(the "Notice") from the Bankruptcy Appellate Panel in respect of the Bankruptcy Appeal that Debtor's initial brief is due on or before June 11, 2010. A true and correct copy of the Notice is attached hereto as Exhibit "3" and incorporated herein by reference.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 10, 2010 at Los Angeles, California

By: _Keith W. Berglund_

Keith W. Berglund

E BERGLUND GROUP
2800 Neilson Way
Suite 1615
Santa Monica, CA 90405
(310) 567-6070

6

EXHIBIT "1"

## MOTION TO SEGREGATE AND/OR BIFURCATE APPEAL; MEMORANDUM IN SUPPORT; DECLARATIONS OF KEITH BERGLUND AND HUI WANG IN SUPPORT; PROPOSED ORDER

### INTRODUCTION

This is the Motion of Hui Wang ("Wang"), one of the Appellants/Defendants herein, to Segregate and/or Bifurcate (the "Motion") her appeal from the appeal of all other Appellants herein. The grounds for the Motion are several-fold. First, segregating Wang's appeal will promote judicial economy through simplifying the appeal process and promoting a quicker resolution of the Wang appeal. Secondly, the Wang appeal is a straightforward and not complicated appeal with a sparse record versus a sprawling record for the other appellants/defendants herein which involves voluminous documents, transcripts and deposition testimony. Thirdly, all of the other appellants/defendants herein are related. Wang was the one time companion (having separated in October of 2008) for a fairly short period of time for the sole remaining individual appellant/defendant – Robert Tringham. Lastly, Wang has been the subject of an aggressive enforcement campaign initiated by Plaintiff/Appellee in connection with a default judgment in the approximate amount of $3,400,000 versus having received only a reimbursement check for roughly $118,000 in loans to the Tringham defendants herein while having no otherwise material connection to Tringham's businesses. Wang is simply trying to have her day in court – which was denied at the trial court level - to refute the claims made by Plaintiff. Strong principles of justice and economy support segregation of the appeal process to allow Wang the ability to "have her day in court."

## BACKGROUND

The initial Complaint in this Case was filed against Robert Tringham ("Tringham") and Finbar Securities Corp. ("Finbar") on or about July 11, 2007. The Complaint contained several counts including breach of contract and fraud and involved a wealth management agreement by and between Finbar and the Plaintiff whereby Tringham was charged with the responsibility of overseeing certain investments made by Plaintiff in the approximate amount of $3,000,000.00. Tringham was one of the principals of Finbar.

At the outset of the Case, while Tringham and Finbar were not represented by counsel, Plaintiff obtained a writ of attachment (the "Writ") against each. Tringham and Finbar retained counsel, withdrew Motions to Reconsider the grant of the Writ and commenced settlement discussions. The August 2007 settlement discussions did not result in a resolution of the Case. On or about September 27, 2007, the Plaintiff amended the Complaint to include the following four additional defendants: a) Finbar Asia Philippines, Inc., a California corporation ("FAP"), b) Swiss Global Connect USA, Inc. ("SGC"), c) Finbar Asia Philippines, Inc., a Philippines corporation, and d) Hui Wang ("Wang") (collectively, the "AD's"). Each of FAP, FAPP and SGC (which together with Tringham and Finbar shall hereafter be referred to as the "Tringham Defendants") were related to Tringham in that Tringham had some form of direct or indirect corporate interest in each. Wang was at the time a live in companion with Tringham. As more fully set forth in her related Declaration filed in connection herewith, Wang was not involved in any business capacity with the Tringham Defendants' other than she received a reimbursement check in the approximate amount of $118,000.00 from Finbar for loans previously advanced to the Tringham Defendants by Wang.

2    -8-

On or about October 31, 2007, counsel for Tringham first became aware that the Plaintiff had filed Requests for Entries of Default against the AD's (the "Requests"). The AD's did not have representation of counsel prior to that time. Thus, the Ad's secured counsel and prior to formal recordation in the record of entries of default against the AD's, on or about November 5, 2007, answers and affirmative defenses denying the allegations of the Amended Complaint were filed on behalf of the AD's (the "Answers"). The Clerk's office accepted the Answers and collected the respective filing fees.

Ultimately, the Requests were entered in the record notwithstanding the filing of the Answers and acceptance by the Clerk of the filing fees. Since a second round of settlement discussions were taking place between Tringham and the Plaintiff, each side agreed to forbear from filing substantive pleadings until December of 2007. In the interim, there were significant discovery proceedings taking place with Tringham. There were depositions, voluminous discovery matters, court appearances and almost non-stop involvement in these matters. The second round of settlement discussions also did not result in a resolution of the Case. Thus, on or about January 22, 2008 (well within the six month period allowed under the CCP), the AD's filed Motions to Vacate the Entries of Default and/or Quash Summons with the Court (the "Motions to Vacate").

Wang testified that she was not personally served with the Amended Complaint and that even if service was proper there was excusable neglect, mistake or inadvertence as more fully set forth under CCP Section 473. The other Tringham AD Defendants had other and varied grounds in support of their Motions to Vacate. On February 26, 2008, the Court held a hearing and denied the Motions to Vacate. Ultimately, formal default judgments were entered against the AD Defendants on July 23, 2008.

8

The amount of the default judgment entered against Wang was $3,427,135.24(an amount different than the other Tringham Defendants).

Between February 26, 2008 and July 23, 2008, Tringham and Finbar engaged in numerous battles with Plaintiff which incorporated a number of depositions (in excess of 500 pages of testimony), a significant number of documents, massive discovery, pleadings and at least six different hearings. The Court, after all of these hearings and massive amount of discovery litigation granted the Plaintiff's motion for terminating sanctions against each of Tringham and Finbar in the form of a default judgment (also incorporated in the July 23, 2008 order involving the AD Defendants). Two appeals and two separate filing fees were filed on behalf of Wang and the Tringham Defendants from the July 23, 2008 judgments of default. The first appeal was filed on behalf of Tringham and Finbar. The second appeal was filed on behalf of the AD's. Apparently, the two appeals have been consolidated.

The Wang basis for appeal is simple and direct. First, did the Court err in finding that Wang had been served with a copy of the amended Complaint. Secondly, did the Trial court err in granting a default judgment against Wang and in denying the Wang Motion to Vacate under, inter alia, CCP Section 473 and due process grounds under each of the federal and California state constitution. The Wang record for appeal will have less than 20 documents and one hearing. The Tringham Defendants' record for appeal will incorporate in excess of 100 documents, 500 pages of deposition testimony, six different hearings and will require a much more complex and detailed review of the record than the Wang appeal.

Subsequent to the filing of the appeal, the SEC has filed a Complaint against Tringham and Finbar in the United States District Court for the Central District of California (Case No. 09 CV 2325) and received a TRO and preliminary injunction on matters that relate to the Case and the appeal.

A copy of the Preliminary Injunction is attached to the Declaration of Keith W. Berglund, as Exhibit A. Further, a receiver has been appointed with respect to the Tringham Defendants. While Tringham and Finbar adamantly deny the allegations of the SEC Complaint; nonetheless, the SEC filing will - unless the Wang appeal is bifurcated - necessarily complicate the appeal process. Further, Plaintiff has initiated an aggressive enforcement campaign against Wang post appeal including the filing of a judgment debtor's examination which lists at least 77 categories of documents to produce. Thus, the relief sought in the Motion to Segregate is particularly relevant to Wang in furthering the expeditious resolution of the appeal.

## POINTS AND AUTHORITIES

While there is no direct statute on point, analogous statutes and case law suggest in a situation such as here, that the ends of justice and the efficient promotion of judicial economy will be furthered by allowing the bifurcation of the Wang appeal. Factors to consider include a) efficiency of handling the litigation, ends of justice and convenience of the parties. See Downey Savings & Loan Assn v. Ohio Casualty Ins. Co. (1987) 189 Cal.App.3d 1072, Kaiser Steel Corp. v. Westinghouse Elec. Corp. (1976) 55 Cal.App.3d 737; Agbalaya v. James Brown Enterprises, Inc. 2003 WL 21154115. Each of the factors set forth above weigh in favor of bifurcation. Moreover, an analogous reference can be made to CCP Sections 598 and 1048 which mirror the above factors in favor of bifurcation of different elements of judicious resolution of a case.

In the case at hand, numerous factors support bifurcation of the Wang appeal. First, segregating Wang's appeal will promote judicial economy through simplifying the appeal process and promoting a quicker resolution of the Wang appeal. Secondly, the Wang appeal is a

straightforward and not complicated appeal with a sparse record versus a sprawling record for the other appellants/defendants herein which involves voluminous documents, transcripts and deposition testimony. Thirdly, all of the other appellants/defendants herein are related. Wang was the one time companion (having separated in October of 2008) for a fairly short period of time for the sole remaining individual appellant/defendant – Robert Tringham.

Lastly, Wang has been the subject of an aggressive enforcement campaign initiated by Plaintiff/Appellee in connection with a default judgment in the approximate amount of $3,400,000 versus having received only a reimbursement check for roughly $118,000 in loans to the Tringham defendants herein while having no otherwise material connection to Tringham's businesses. Wang is simply trying to have her day in court – which was denied at the trial court level - to refute the claims made by Plaintiff. Strong principles of justice and economy support segregation of the appeal process to allow Wang the ability to "have her day in court."

## CONCLUSION

For the reasons set forth above, Wang respectfully requests that the Court grant her Motion to Segregate and/or Bifurcate her appeal and for such other and further consideration as deemed just and necessary.

Dated: April 13, 2009          Respectfully submitted,

By: _Keith W. Berglund_
Keith W. Berglund
The Berglund Group
Attorney for Hui Wang

## DECLARATION OF HUI WANG IN SUPPORT OF MOTION TO SEGREGATE AND/OR BIFURCATE APPEAL

I, the undersigned, declare as follows in support of the Motion to Segregate and/or Bifurcate Appeal (the "Motion"):

1. I was a Defendant in the underlying action (the"Case") and Appellant in this matter and have personal knowledge of each fact stated herein.

2. Robert Tringham ("Tringham") was my former companion. I originally met Tringham on or about November of 2003. I have a 16 year old son named Zhan Gao. I was born in China and fairly recently came to this country. My English ability is rather limited and I do not have much knowledge of the American legal system. I am a Chinese citizen with a US green card.

3. I moved in with Tringham and my son to a house located on 2435 Clear Creek Lane, Diamond Bar, California 91765 on or about October 28, 2005. I separated from Tringham on or about October 18, 2008 and together with my son moved out from the Clear Creek Lane house on or about October 18, 2008. Since that time I have been living separate from Tringham and have had little to no contact with Tringham.

4. On or about October 31, 2007, Tringham informed me that I had been named as a defendant in the Case and that a Request for Entry of Default("Request") had been filed against me.

5. This was the first time I became aware of the Request. I was not represented by counsel at the time and was assured by Tringham that his attorney – Keith Berglund – would represent me in the Case. Immediately, I hired Keith Berglund ("Berglund") as my

7        13

counsel, advanced court filing fees (which the Court accepted) and caused Berglund to file an answer on my behalf in the Case on or about November 5, 2007.

6.  I was not involved with Tringham in any of Tringham's acquisition of investor's funds or any management of his business activities other than I loaned the Tringham entities monies from my own personal funds. I received one payment from Finbar Securities Corp.("Finbar") in the amount of $118,180.00 (the "Reimbursement") to cover the loans I made to the Tringham entities as referenced in the preceding sentence. The Reimbursement amount was approximately equal to the total amount loaned to the Tringham entities. By virtue of receipt of the Reimbursement from Finbar – a Tringham controlled entity – and my companionship with Tringham, I have had a default judgment entered against me in the Case on July 23, 2008 in the amount of $3,427,135.24 (the apparent amount of the investor funds secured by Tringham) without being given due process or any opportunity to defend myself.

7.  I learned that a process server had come to our house in the fall of 2007 to serve me with the Complaint. I did not receive the Complaint from any process server and filed a declaration to this point in the Case.

8.  I learned that an Entry of Default had been entered against myself dated October 23, 2007. As the original parties to the Case were in the midst of settlement negotiations which appeared very promising it was my understanding that each side agreed to forbear from filing pleadings in this Case until December of 2007. When these settlement negotiations broke down, Berglund filed a Motion to Vacate Entry of Default and/or Quash Summons (the "Motion to

Vacate") on or about January 22, 2008 (well within the six month period provided for under applicable California law to vacate entries of default) to be filed with the Court.

9. On February 26, 2008, despite not having been personally served prior to the entry of default (while having meritorious defenses) and with not much explanation, the Court rejected the Motion to Vacate denying me the ability to defend myself from the wrongful allegations of the Plaintiff. The default judgment was entered against me on July 23, 2008.

10. On September 19, 2008, Berglund filed an appeal on my behalf to fight for the opportunity to defend myself from claims which relate to a man with whom I did not conduct business and whom I am no longer with.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Dated:  April 13, 2009 at Los Angeles, California

By: _____
     HUI WANG, Declarant

9          15

EXHIBIT "2"

TO BE FILED IN THE COURT OF APPEAL | **APP-006**

| COURT OF APPEAL, **Second** APPELLATE DISTRICT, DIVISION 2 | Court of Appeal Case Number: **B211007** |
| --- | --- |
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:<br>Keith W. Berglund(SBA 297640)<br>The Berglund Group<br>149 S. Barrington Ave., #181<br>Los Angeles, California 90049<br>TELEPHONE NO.: 310-567-6070   FAX NO. *(Optional)*: 310-564-0327<br>E-MAIL ADDRESS *(Optional)*: berglundgroup@yahoo.com<br>ATTORNEY FOR *(Name)*: Hui Wang | Superior Court Case Number: **KC050973** |
| | **FOR COURT USE ONLY** |
| APPELLANT: Hui Wang<br><br>RESPONDENT: Juergen Votteler | |
| **APPLICATION FOR EXTENSION OF TIME TO FILE BRIEF<br>(CIVIL CASE)** | |

**Notice: Please read *Information on Appeal Procedures for Unlimited Civil Cases* (Judicial Council form APP-001) before completing this form.**

1. I *(name)*: Appellant Hui Wang
   request that the time to file [✓] appellant's opening brief (AOB) [ ] respondent's brief (RB) [ ] appellant's reply brief (ARB), now due
   on *(date)*: May 22, 2010   be extended to *(date)*: June 25, 2010, OR LATER AS THE BANKRUPTCY COURT MAY ORDER ON THE BANKRUPTCY APPEAL ISSUES.

2. I [ ] have [✓] have not received a rule 8.220 notice.

3. I have received:
   [✓] no previous extensions to file this brief. —APPELLANT HAS BEEN IN BANKRUPTCY, SEE 5 BELOW.
   [ ] the following previous extensions:
   *(number of extensions)*: _____ extensions by stipulation totaling *(total number of days)*: _____
   *(number of extensions)*: _____ extensions from the court totaling *(total number of days)*: _____

4. I am unable to file a stipulation to an extension because
   [✓] the other party is unwilling to stipulate to an extension.
   [ ] other reason *(please specify)*:

5. The reason I need an extension to file this brief is *(please specify; see Cal. Rules of Court, rule 8.63, for factors used in determining whether to grant extensions)*:
   Reasons stated in Attachment A and Exhibit 1 attached thereto.

6. The last brief filed by any party was: [ ] AOB [ ] RB filed on *(date)*: n/a

7. The record in this case is:

| | Volumes (#) | Pages (#) | Date filed |
| --- | --- | --- | --- |
| Appendix/Clerks Transcript: | ? | ? | not yet |
| Reporters Transcript: | R-7 | 300 | 4/7/2009 |
| Augmentation/other: | | | |

8. For attorneys filing application on behalf of client:
   [✓] I certify that I have delivered a copy of this application to my client (Cal. Rules of Court, rule 8.60).

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: May 5, 2010

Keith W. Berglund
_____                    ▶ _Keith W Berglund_
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY)

---

EXTENSION OF TIME IS:                    **ORDER**

[ ] Granted to _____

[ ] Denied

Date: _____                    _____
                                                          (SIGNATURE OF PRESIDING JUSTICE)

Page 1 of 2

| Form Approved for Optional Use<br>Judicial Council of California<br>APP-006 [Rev. January 1, 2007] | **APPLICATION FOR EXTENSION OF TIME TO FILE BRIEF (CIVIL CASE)**<br>**(Appellate)** | Cal. Rules of Court, rules 8.50,<br>8.60, 8.63, 8.212<br>*www.courtinfo.ca.gov* |
| --- | --- | --- |

American LegalNet, Inc.
www.FormsWorkflow.com

**APP-006**

| CASE NAME: | CASE NUMBER: |
|---|---|
| Votteler v. Wang | B211007 |

NOTICE TO PARTIES: A copy of this document must be mailed or personally delivered to the other party or parties to this appeal. A PARTY TO THE APPEAL MAY NOT PERFORM THE MAILING OR DELIVERY HIMSELF OR HERSELF. A person who is at least 18 years old and is not a party to this appeal must complete the information below and mail (by first-class mail, postage prepaid) or personally deliver the front and back of this document. When the front and back of this document have been completed and a copy mailed or personally delivered, the original may then be filed with the court.

## PROOF OF SERVICE

[✓] **Mail**    [ ] **Personal Service**

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My residence or business address is *(specify)*:

   10850 Wilshire Blvd., ste 350, Los Angeles, Ca. 90024

3. I mailed or personally delivered a copy of the *Application for Extension of Time to File Brief (Civil Case)* as follows *(complete either a or b)*:

   a. [✓] **Mail.** I am a resident of or employed in the county where the mailing occurred.

      (1) I enclosed a copy in an envelope **and**

         (a) [✓] **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.

         (b) [ ] **placed** the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

      (2) The envelope was addressed and mailed as follows:

         (a) Name of person served:   To each person on the attached Service List

         (b) Address on envelope:

         (c) Date of mailing:   May 4, 2010

         (d) Place of mailing *(city and state)*:   Los Angeles, California

   b. [ ] **Personal delivery.** I personally delivered a copy as follows:

      (1) Name of person served:

      (2) Address where delivered:

      (3) Date delivered:

      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  May 4, 2010

Ulara Asai
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

*17*

**SECOND APPELLATE DISTRICT DIVISION 2**
**VOTTELER V. WANG CASE NO. B211007**
**ATTACHMENT A TO APPELLANT'S REQUEST FOR**
**EXTENSION OF TIME TO FILE OPENING BRIEF AND APPENDIX**

5. Appellant Wang filed a petition under Chapter 7 of the Bankruptcy Code with the Bankruptcy Court for the Central District of California, Los Angeles Division(Case No. 2:09-bk-19641) in April of 2009. Appellee Votteler, after some adverse rulings on Motions to Dismiss their Non-Dischargeability Complaint, waited almost a year after the Wang bankruptcy filing to file a Motion for Relief From Stay for purposes of allowing this appeal to go forward. The Bankruptcy Court, noting in oral hearing on the Motion for Relief the "interesting"nature of the collateral estoppel issues presented, granted Relief from Stay on April 8, 2010. Appellant Wang, exercised her right to appeal the Bankruptcy Court's Stay Relief Order(the "Relief Order"), via Notice of appeal dated April 22, 2010(a true and correct copy of which is attached hereto as Exhibit "1). Further, Wang filed a Motion to Stay enforcement of the Relief Order and/or Set an Appellate Bond for the Appeal which hearing is set on May 17, 2010 at 10:00 am in the Bankruptcy Court. Moreover, the Opening Brief in the Bankruptcy Appellate Panel has been set for June 11, 2010. Given the range and differences of the holdings in the Federal Circuit Courts that have addressed the collateral estoppel issues presented here, I need a short period of additional time to sort out the complex and lengthy record involved in the Bankruptcy Court and the record in this Court if the Appeal does indeed go forward.

Dated: May 4, 2010                    By: _Keith W. Berglund_

                                      Keith W. Berglund
                                      The Berglund Group
                                      149 S. Barrington Avenue, Ste 181
                                      Los Angeles, Ca. 90049

# EXHIBIT "3"

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT



APR 27 2010

In re: **HUI WANG**

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

Debtor

------------------------------

**HUI WANG**

BAP No.: **CC-10-1139**

Appellant

Bankr. No.: LA 09-19641 ER
Chapter 7

v.

**JUERGEN VOTTELER**

Appellee

April 27, 2010

------------------------------

HEIDI KURTZ, Chapter 7 Trustee; UST-
UNITED STATES TRUSTEE, LOS
ANGELES

---

## BRIEFING ORDER
### (Prompt Action Required)

Unless otherwise ordered by this court, the parties to this appeal shall timely complete all of the briefing deadlines set forth below. Failure of the parties to comply with these deadlines may result in dismissal of this appeal or in the imposition of other sanctions. These deadlines control and supersede any briefing deadlines contemplated by the Federal Rules of Bankruptcy Procedure ("FRBP").

**Last day for appellant(s) to file opening brief and appendix:[_DUE DATE: FRIDAY, JUNE 11, 2010_].**
**Last day for appellee(s) to file responsive brief and appendix: Twenty-One days after service of appellant's opening brief.**
**Last day for appellant(s) to file optional reply brief: Fourteen days after service of appellee's reply brief.**

Requirements for filing a brief, an appendix (excerpts of the record), and required certificates are set forth in FRBP 8009 and 8010, and Ninth Circuit BAP Rules 8009(a)-1, 8009(b)-1, and 8010(a)-1. Length of briefs is governed by Ninth Circuit BAP Rule 8010(c)-1. See also 9th Cir. BAP Rule 8006-1 (describing requirements for the inclusion of transcripts in the excerpts of the record).

The parties generally should expect that oral argument will occur shortly after briefing is completed. Please refer to the attached materials regarding advance consideration of issues concerning oral argument.

**FAILURE OF APPELLANT TO TIMELY PROVIDE AN ADEQUATE OPENING BRIEF AND ADEQUATE EXCERPTS OF THE RECORD IN COMPLIANCE WITH THE GOVERNING RULES MAY RESULT IN DISMISSAL OF THE APPEAL, OR IN SUMMARY AFFIRMANCE OF THE RULING ON APPEAL.** See Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187 (9th Cir. 2003).

FOR THE PANEL,

Susan M Spraul
Clerk of Court

## SUMMARY OF REQUIREMENTS FOR BRIEFS AND EXCERPTS OF THE RECORD

This Summary is intended to help the parties file their briefs and appendix in the proper format, but it is not a substitute for reading and complying with all of the procedural rules listed in the Briefing Order, which rules govern the format and content of each brief and appendix. Briefs that do not comply with national and local rules may not be accepted for filing. Your attention is particularly called to the following requirements:

LENGTH -- Thirty pages for the opening briefs of appellant and appellee. Twenty pages for appellant's reply brief, if any.

NUMBER -- A signed original and four copies of all briefs; five copies of the excerpts of the record.

COVERS -- Appellant's opening brief - BLUE; appellee's brief - RED. appellant's reply brief - GRAY; all excerpts of the record - WHITE.

APPENDIX (Excerpts of The Record) -- The parties are required to include copies of all relevant documents from the bankruptcy court record, including transcripts, in their excerpts.

FORMAT OF APPENDIX -- The Appendix must comply with the requirements of 9th Cir. BAP Rule 8009 (b) - 1. FAILURE TO TAB ALL DOCUMENTS IN THE APPENDIX, TO CONTINUOUSLY PAGINATE THE ENTIRE APPENDIX, AND TO PROVIDE A TABLE OF CONTENTS IN THE FORM SPECIFIED IN THE ABOVE-REFERENCED RULE MIGHT SEVERELY HAMPER THE PANEL'S REVIEW OF THE ISSUES ON APPEAL.

CERTIFICATES -- Both appellant's and appellee's opening brief must contain a Certificate of Interested Parties. Appellants brief must also contain a Certificate of Related Cases.

CALCULATION OF TIME -- Briefs are deemed filed on the day of mailing. FRBP 8008(a).

## ADVANCE CONSIDERATION OF ISSUES CONCERNING ORAL ARGUMENT

While the parties are briefing, the BAP is considering where and when to set oral argument. Because the BAP seeks to set argument as soon as practical after briefing is completed, any stipulations, motions or notices concerning oral argument should be filed at the earliest possible time, generally with a party's first brief. While appeals typically are set for hearing in the bankruptcy district from which the appeal arose whenever feasible, the parties may file a stipulation or motion requesting an alternative hearing location or a hearing by telephone or video conference. The parties also may file a stipulation or motion to submit their appeal on the briefs and record, thereby waiving oral argument.

All parties should carefully review the dates on the BAP's annual hearing calendar located on the BAP's website: http://www.ce9.uscourts.gov/bap. This calendar contains dates that the BAP judges have set aside for argument, and it is likely that your appeal will be set for hearing on one of these dates. If a party knows or suspects that he or she will be unavailable on one of these dates, he or she should file as soon as possible a notice of unavailability, stating the dates on which he or she is unavailable. Once a case has been scheduled for argument, continuances and requests to change time or place are rarely granted.

## CERTIFICATE OF MAILING

The undersigned, deputy Clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document to which this certificate is attached was transmitted this date to all parties of record to this appeal, to the United States Trustee and to the Clerk of the Bankruptcy Court.

By: Vincent Barbato, Deputy Clerk
Date: April 27, 2010